IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| DALLAS JAY DIYALJEE, ) | |
| KRISTINA GENEVIEVE DIYALJEE, ) | Bankruptcy No. 09-02033 |
| ) | |
| Debtors. ) | |

**ORDER RE: SUPPLEMENTAL APPLICATION FOR
ADDITIONAL COMPENSATION (Doc. 81)**

Attorney Paul Gandy requests approval of additional compensation of $2,873.02 for services as attorney for Debtors. The Court has previously approved additional compensation of $1,059.28 which has been paid through the Chapter 13 plan. Mr. Gandy also received payment of fees of $2,790 from Debtors prepetition. If the Court approved the additional compensation requested, Mr. Gandy's total fees would be $6,406.43.

Pursuant to Debtors' confirmed plan, they make monthly payments of $95.00 and the plan will be paid in full by July 2014. To date, Debtors have paid a total of $7,823.10. If the Court approved Mr. Gandy's additional compensation, the remainder of the plan payments would go to him, rather than unsecured creditors, with a remaining balance due to him from Debtors after completion of the plan.

This Court has previously ruled on applications for additional compensation filed by Mr. Gandy in Chapter 13 cases. See In re Sherrets, No. 05-07276, 2006 WL 1806341 (Bankr. N.D. Iowa June 27, 2006); In re Krenz, No. 05-07287, 2007 WL 1891848 (Bankr. N.D. Iowa June 29, 2007). The statements of the law in those cases are equally applicable here.

> In short, Mr. Gandy has the burden to prove the compensation he seeks is reasonable.   The base amount of attorney fees in Chapter 13 cases in this district, applicable to this case . . . is [$1,750].   This amount is considered sufficient to compensate for basic services rendered by debtors' attorneys in Chapter 13 cases.   "These include counseling the debtors; preparing and filing the petition, schedules and plan; attending the creditors' meeting and the confirmation hearing; reviewing claims; and filing amendments and motions."
>
> As Mr. Gandy is seeking substantially more than the base amount in this case, the court applies the conventional lodestar analysis. The lodestar amount is the number of hours reasonably expended multiplied by a reasonable hourly rate.   In making this analysis the Court considers: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained."   In making this determination, the court takes into consideration whether the professional exercised reasonable billing judgment.   Time spent "handholding" or reassuring debtors, or on matters which do not require attorney services, are simply not compensable at an attorney's regular hourly rates.

Krenz, at *1-2 (citations omitted).

This Court has previously held that only the amount allowed by the Court is collectible by debtors' attorney.   In re Nilges, 301 B.R. 321, 324 (Bankr. N.D. Iowa 2003); In re Michels, No. 03–00316, 2004 WL 1718074, *4 (Bankr. N.D. Iowa May 10, 2004).

> Attorney fees may be paid to a debtor's counsel only if approved by the Court.   Fees are (1) disallowed, (2) allowed as an administrative expense to be paid from the estate, or (3) allowed but must be paid by the debtor directly, not from the estate.   Absent court approval, neither the debtor nor the estate is ever liable.

Nilges, 301 B.R. at 325 (citations omitted).

2

The Court has considered the record in this case, including the entire docket and Mr. Gandy's itemization of fees. Based on the foregoing, the Court declines to approve additional attorney fees. Mr. Gandy has already received more than double the amount considered sufficient to compensate for basic services in a Chapter 13 case. This case is not complex. Without identifying individual entries, the Court concludes the amount of time billed is not justified by the nature of this case. Some of the matters did not require attorney services. Some entries appear to have arisen from Mr. Gandy's tight schedule. This is a straight forward Chapter 13 case with no controverted issues. No further attorney fees will be allowed or paid to Mr. Gandy for his services as attorney for Debtors in this case.

**WHEREFORE**, the Supplemental Application for Additional Compensation (Doc. 81) is DENIED.

**FURTHER**, no further attorney fees are approved for Attorney Paul Gandy. Neither the bankruptcy estate nor Debtors are liable for the fees set out in the Application.

Dated and Entered: May 17, 2013

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE